SKILTON v. CODDINGTON. (Supreme Court, Appellate Division, Fourth Department. December 7, 1904.) Action by Raphael M. Skilton against Charles S. Coddington.

PER CURIAM. Motion denied, without costs. The filing of the notice of appeal with the clerk is allowed to stand, under section 1303 of the Code of Civil Procedure, as a sufficient filing thereof with the clerk.

SLATTERY, Respondent, v. METROPOLITAN ST. R. CO., Appellant. (Supreme Court, Appellate Division, First Department. December 9, 1904.) Action by Delia Slattery against the Metropolitan Street Railroad Company. B. H. Ames, for appellant. D. R. Almy, for respondent.

PER CURIAM. Judgment and order reversed, and new trial ordered, with costs to appellant to abide event, unless plaintiff stipulates to reduce judgment as entered, including costs, to the sum of $2,649.11, in which event, judgment, as so modified, and order, affirmed, without costs.

SLOAN, Respondent, v. BEARD, Appellant. (Supreme Court, Appellate Division, Second Department. December 15, 1904.) Action by James Sloan against Grace F. Beard. No opinion. Order affirmed, with $10 costs and disbursements.

In re SMITH. (Supreme Court, Appellate Division, Fourth Department. January 25, 1905.) In the judicial settlement of accounts of the Trust & Deposit Company of Onondaga, as executor, etc., of William H. H. Smith, deceased.

PER CURIAM. Upon reading and filing stipulation of the attorneys for the respective parties hereto, Edward B. Rawson, as administrator, etc., is substituted as appellant in place and stead of Anna M. Rawson, deceased.

SMOENSKY, Appellant, v. BROOKLYN HEIGHTS R. CO., Respondent. (Supreme Court, Appellate Term. December 23, 1904.) Appeal from Municipal Court, Borough of Manhattan, Thirteenth District. Action by Jacob Smoensky against the Brooklyn Heights Railroad Company. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Affirmed. Charles Frankel, for appellant. George D. Yeomans (H. F. Ives, of counsel), for respondent.

FREEDMAN, P. J. The pleadings in this action were oral; plaintiff complaining for personal injuries. The appellant's attorney claims that the judgment of the lower court is based upon the fact that the plaintiff at first, upon his cross-examination, testified that he did not sign a certain written statement, and that the court for that reason discredited his whole testimony. This does not so appear. There is nothing from which the court can say upon what ground he rendered judgment in favor of the defendant. There was sufficient testimony offered on the part of the defendant from which the court might have found that the plaintiff sustained no injuries whatever. The only questions at issue were those of fact, and there was a conflict of testimony upon such questions. Judgment affirmed, with costs. All concur.

SPANGENBERG, Respondent, v. SCHNEIDER, Appellant. (Supreme Court, Appellate Division, Second Department. December 1, 1904.) Action by Maria Spangenberg against Louise Schneider. No opinion. Motions denied, without costs.

SPENCER et al., Respondents, v. PORTIA SHOE MFG. CO., Appellant. COHEN et al. v. SAME. FOLK v. SAME. (Supreme Court, Appellate Division, First Department. January 6, 1905.) Actions by Edward E. Spencer and others, by William Cohen and others, and by John H. Folk, against the Portia Shoe Manufacturing Company. J. Fischer, for appellant. M. Mackenzie, for respondents.

PER CURIAM. Order affirmed, with $10 costs and disbursements, without prejudice to renewal of motion on additional papers, as appellant may be advised.

SPENCER, Respondent, v. TOWN OF SARDINIA, Appellant. (Supreme Court, Appellate Division, Fourth Department. January 25, 1905.) Action by Ella D. Spencer against the town of Sardinia. No opinion. Judgment and order affirmed, with costs.

STATE BANK v. FELDMAN. (Supreme Court, Appellate Division, First Department. December 23, 1904.) Action by the State Bank against Nathan Feldman. No opinion. Motion denied.

STATE BANK, Respondent, v. FELDMAN et al., Appellants. (Supreme Court, Appellate Division, First Department. January 20, 1905.) Action by the State Bank against Nathan Feldman and others. J. P. Joachimson, for appellants. B. N. Cardozo, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

STEARNS, Appellant, v. NEW YORK CENT. & H. R. R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. January 4, 1905.) Action by Nora Stearns against the New York Central & Hudson River Railroad Company. No opinion. Appeal dismissed, upon notice.

STEINHARDT, Appellant, v. ERIE R. CO., Respondent. (Supreme Court, Appellate Division, First Department. December 9, 1904.) Action by Simon L. Steinhardt against the Erie Railroad Company. S. D. Levy, for appellant. F. B. Jennings, for respondent. No opinion. Judgment and order affirmed, with costs.

STEINHARDT v. ERIE R. CO. (Supreme Court, Appellate Division, First Department.

January 13, 1905.) Action by Simon L. Steinhardt against the Erie Railroad Company. No opinion. Motion denied, with $10 costs.

STEINHARDTER et al., Respondents, v. HOWE et al., Appellants. (Supreme Court, Appellate Division, First Department. January 6, 1905.) Action by Charles Steinhardter and others against Frederick C. Howe and others. J. H. Hildreth, for appellants. J. S. Galland, for respondents. No opinion. Judgment and order affirmed, with costs.

STEIN & LANGLOS ELECTRIC MFG. CO., Respondent, v. AMERICAN ELECTRIC NOVELTY MFG. CO., Appellant. (Supreme Court, Appellate Division, First Department. January 20, 1905.) Action by the Stein & Langlos Electric Manufacturing Company against the American Electric Novelty Manufacturing Company. M. Rapp, for appellant. J. T. Booth, for respondent. No opinion. Judgment and order affirmed, with costs.

In re STERNBERG. (Supreme Court, Appellate Division, First Department. December 23, 1904.) In the matter of George Sternberg. C. Toller, for appellant. W. B. Crowell, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

STERNBERGER et al., Appellants, v. SMILEY et al., Respondents. (Supreme Court, Appellate Division, Second Department. January 6, 1905.) Action by Pauline Sternberger and Edwin Sternberger, as executors, etc., against Randolph M. Smiley and others. No opinion. Appeal dismissed, with $10 costs and disbursements.

STREAT, Respondent, v. SWEET et al., Appellants. (Supreme Court, Appellate Division, First Department. January 6, 1905.) Action by George Streat against Clinton W. Sweet and others. G. H. Vande Water, for appellants. C. Blandy, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

SULLIVAN, Respondent, v. THIRD AVE. R. CO., Appellant. (Supreme Court, Appellate Division, First Department. December 9, 1904.) Action by Michael Sullivan against the Third Avenue Railroad Company. B. H. Ames, for appellant. G. H. Mallory, for respondent. No opinion. Judgment and order affirmed, with costs.

SUTTON v. ULSTER & D. R. CO. (Supreme Court, Appellate Division, Third Department. December 2, 1904.) Action by Ella J. Sutton, as administratrix, etc., of Frank J. Sutton, deceased, against the Ulster & Delaware Railroad Company. No opinion. Motions denied.

In re SWITS CONDE CO. (Supreme Court, Appellate Division, Fourth Department. January 4, 1905.) In the matter of the voluntary dissolution of the Swits Conde Company. No opinion. Upon reading and filing the stipulation of the parties, appeal dismissed, without costs.

SYPHER, Respondent, v. SCHAEFFER, Appellant. (Supreme Court, Appellate Term. December 7, 1904.) Appeal from City Court of New York, Trial Term. Action by Asa M. Sypher, Jr., against Charles Schaeffer. From a judgment and order for plaintiff, defendant appeals. Affirmed. Edward Miehling, for appellant. Tim & Hart, for respondent.

PER CURIAM. This action was brought to recover from the defendant the sum of $410, commissions alleged to have been earned by the plaintiff's assignor in the exchange of real property. The business was conducted by one Henry Neus on behalf of the defendant. The agency of Neus and its scope are the issues involved. The burden was upon the plaintiff to show that Neus was the authorized agent of the defendant, with power to employ the plaintiff's assignor as broker, and to do what a general agent might lawfully do in the matter, and to show, further, that the efforts of said assignor were the procuring cause in bringing about the trade. We think the plaintiff sustained the burden, and that the finding of the jury of facts in favor of the plaintiff essential to sustain the verdict is supported by the evidence. The exceptions are without merits. Judgment and order appealed from affirmed, with costs to the respondent.

TALLMAN v. KRAUSKOPF. (Supreme Court, Appellate Division, First Department. December 16, 1904.) Action by Clarence E. Tallman against Nathan Krauskopf. No opinion. Motion granted, so far as to dismiss appeal, with $10 costs.

In re TALLMAN'S ESTATE. (Supreme Court, Appellate Division, First Department. December 23, 1904.) In the matter of Maria E. Tallman, deceased. No opinion. Motion granted, so far as to dismiss appeal, with $10 costs.

TAYLOR & CRATE v. CITY OF BUFFALO. (Supreme Court, Appellate Division, Fourth Department. January 26, 1905.) Action by Taylor & Crate against the city of Buffalo. No opinion. Upon reading and filing stipulation, appeal dismissed, without costs.

TELFORD, Respondent, v. PARKER, Appellant. (Supreme Court, Appellate Division, Third Department. November 22, 1904.) Action by Charles T. Telford against George A. Parker.

PER CURIAM. Judgment and order unanimously affirmed, with costs. The evidence that the defendant had knowledge that the plaintiff was the secretary of a temperance organization and that his term had not expired, while not competent to vary the terms of the written con-